UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ARRIVAL STAR, SA, and MELVINO TECHNOLOGIES LIMITED,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>DEMANDWARE, INC.,<br><br>　　　　　Defendant. | Case No.: 15-cv-80098<br><br>Jury Trial Demanded |

# DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

## INTRODUCTION

Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively "Plaintiffs") are notorious non-practicing patent assertion entities, commonly known as 'patent trolls,' who have filed meritless patent lawsuits in extortionist attempts to recover nuisance settlement payments and thereby fund their massive litigation campaign. Plaintiffs have filed over 440 patent infringement lawsuits against at least as many defendants over the past eight years, many involving the patents-in-suit. Hundreds, if not thousands, of additional companies have received threatening demands or cease and desist letters from Plaintiffs regarding the patents-in-suit. Plaintiffs have created a business model around knowingly filing frivolous and meritless complaints of patent infringement against businesses, municipalities and individuals with little or no pre-filing investigation, claim chart preparation, or comparison of the accused products or services to patent claims.

Although the patents-in-suit concern technology for monitoring and reporting the status of a vehicle and notifying users when an arrival of a particular vehicle at a predefined destination is imminent, most of the companies Plaintiffs have targeted in their litigations, such as the

1

defendant in this case, Demandware, Inc. ("Demandware"), sell products and services that have nothing to do with the technology of the patents-in-suit.  Indeed, Plaintiffs have asserted their patents against a wide swath of defendants that simply do not practice the patented technology including companies, municipalities and government agencies such as Pizza Hut, RadioShack, Gatorade, City of Raleigh, North Carolina, The Gap, Kohl's Department Stores, The Port Authority of New York & New Jersey, Wal-Mart, City of Fairfax, Virginia, and Barnes & Noble.

Plaintiffs and the law firm of Leslie Robert Evans & Associates, PA ("Leslie Robert Evans") filed the complaint in this case in violation of Rule 11 of the Federal Rules of Civil Procedure.  A review of the parties' pre-filing correspondence and communications indicates that despite suing defendant Demandware, Plaintiffs know next to nothing about Demandware's accused products and services, have no basis to believe that Demandware's accused products and services infringe the patents-in-suit as alleged in the complaint, conducted no investigation to determine whether Demandware's accused products and services infringe any of the patents-in-suit beyond a cursory review of Demandware's website, and have not provided to Demandware any opinion of counsel that Plaintiffs received or requested as to whether Demandware's accused products infringe any of the patents-in-suit.  Plaintiffs and Leslie Robert Evans authorized the filing of this lawsuit even though it appears they have no evidentiary support regarding their allegations of patent infringement.

The firm of Leslie Robert Evans has been unable to identify any reasonable pre-filing investigation it did to determine whether there was a basis for the allegations of infringement in the complaint it signed and filed on behalf of Plaintiffs.  Indeed, Leslie Robert Evans has not even responded to a written request from Demandware regarding the basis for Plaintiffs' lawsuit.  All available evidence, including the firm's conduct throughout this lawsuit and in other similar

lawsuits on behalf of Plaintiffs, indicates that the firm did not perform *any substantive* pre-filing investigation, much less the objectively reasonable one required by Rule 11.

For these reasons, the Court should find that Plaintiffs and the firm of Leslie Robert Evans have violated Rule 11 and are jointly liable for Demandware's attorney's fees and expenses incurred in this litigation.

## ARGUMENT

### I.  Rule 11 Requires A Reasonable Pre-Filing Investigation

"The central purpose of Rule 11 of the Federal Rules of Civil Procedure is to 'deter baseless filings in district court.'" *Smith v. Smith,* 184 F.R.D. 420, 421 (S.D. Fla. 1998) (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990)).  To that end, Rule 11 requires that a party and its attorneys make a reasonable investigation into both the factual and legal basis of a claim before filing suit.  *Worldwide Primates, Inc. v. McGreal,* 87 F.3d 1252, 1255 (11th Cir. 1996); *Pelletier v. Zweifel,* 921 F.2d 1465, 1514 n.88 (11th Cir. 1993); *Anderson v. Smithfield Foods, Inc.,* 209 F. Supp. 2d 1278, 1281 (M.D. Fla. 2002). A plaintiff and its attorneys who violate this requirement and file a complaint without a reasonable factual basis for the allegations therein are subject to sanctions, including payment of the attorney's fees and expenses incurred by the defendant in defending itself against the baseless lawsuit.  *Battles v. City of Ft. Myers,* 127 F.3d 1298, 1300 (11th Cir. 1997); *Pelletier,* 921 F.2d at 1514 n.88; *Anderson,* 209 F. Supp. 2d at 1281-82.

"A court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous – in view of the facts or law – and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry."  *Worldwide Primates, Inc.,* 87 F.3d at 1254; *Jones v. International Riding Helmets, Ltd.,* 49 F.3d 692, 694

3

(11th Cir. 1995). If the party and its attorney failed to make the required reasonable pre-filing investigation, then the court should impose sanctions. *Worldwide Primates, Inc.,* 87 F.3d at 1254; *Jones,* 49 F.3d at 694; *Anderson,* 209 F. Supp. 2d at 1281.

To satisfy Rule 11's reasonable pre-filing investigation requirement in a patent infringement lawsuit, the patentee's attorney must, "at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to the accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *Eon-Net LP v. Flagstar Bancorp,* 653 F.3d 1314, 1328-29 (Fed. Cir. 2011); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed. Cir. 2000); *S. Bravo Sys, Inc. v. Containment Techs. Corp.,* 96 F.3d 1372, 1375 (Fed. Cir. 1996). In other words, Rule 11 requires a two-step pre-filing analysis in patent cases: (1) an investigation into the legal basis of the claim of patent infringement (*i.e.*, a pre-filing "claim interpretation analysis"); and (2) a fact-intensive comparison of the accused product and the asserted claims. *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004). Where, as here, the accused products and services are easily available, a pre-filing investigation that does not include an examination of the accused products and services, a construction of the asserted claims, and a comparison of the construed claims to the accused products and services is *per se* unreasonable and violates Rule 11 as a matter of law. *Eon-Net LP*, 653 F.3d at 1329; *View Eng'g,* 208 F.3d at 986; *S. Bravo,* 96 F.3d at 1375.

## II. Plaintiffs and Leslie Robert Evans Failed To Perform the Required Reasonable Pre-Filing Investigation

Neither Plaintiffs nor their attorneys performed *any* pre-filing investigation at all with respect to one of the patents-in-suit and only cursorily reviewed Demandware's website with regard to the other patents-in-suit before filing this frivolous lawsuit. The Federal Circuit has

explained that a pre-filing investigation is inadequate where a patentee and its attorney either do not investigate whether a patent is infringed or simply examine a party's website and conclude based on that examination that the accused product or service is infringing. *Eon-Net LP*, 653 F.3d at 1328-29. Here, Plaintiffs and Leslie Robert Evans both showed a deliberate indifference to facts, doing nothing more than filing a meritless complaint and then refusing to respond to written correspondence from Demandware regarding Rule 11 violations.

Although a "reasonable presuit investigation … requires counsel to perform an objective evaluation of the claim terms when reading those terms on the accused device," neither Plaintiffs nor their attorneys performed any such evaluation of the relevant claim terms. *Id.* at 1329. Had Plaintiffs and Leslie Robert Evans actually investigated Demandware's products and services and then evaluated the claims of the patents-in-suit when reading those terms against the products and services of Demandware they would have concluded that in no way does Demandware infringe any claim of any patent-in-suit. "An attorney violates Rule 11(b)(3) when an objectively reasonable attorney would not believe, based on some actual evidence uncovered during the pre-filing investigation, that each claim limitation reads on the accused device." *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1074 (Fed. Cir. 2002). Both Plaintiffs and Leslie Robert Evans are in violation of Rule 11 and should be sanctioned not only because the pre-filing investigation they conducted was woefully inadequate, but also because no objectively reasonable attorney would have believed that each claim limitation of the patents-in-suit read on the accused Demandware products and services. *Id.*

A brief review of the correspondence between Leslie Robert Evans and Plaintiffs, on the one hand, and Demandware, on the other hand, lays bare the inadequacy of the pre-filing investigation and reveals how no objectively reasonable attorney could have believed, based on

5

the inadequate investigation of Plaintiffs and Leslie Robert Evans, that each claim limitation reads on Demandware's accused products and services.  Jason Dollard, an attorney at Leslie Robert Evans, contacted Demandware for the first time in a letter dated December 16, 2014.  *See* Declaration of Michael Strapp in Support of Demandware's Motion for Sanctions ("Strapp Decl.") at Ex. A.  Mr. Dollard's nine-page letter recounted in great detail the many companies that Plaintiffs had sued, but notably lacked *any* comparison of *any* claim limitation of the patents-in-suit with any Demandware product or service.  *Id.*  Indeed, the only mention of any Demandware product or service in Mr. Dollard's nine-page letter consisted of two bullet points regarding how Demandware allegedly uses "distributed order management capabilities" and has "real-time inventory monitoring."  *Id.* at 3.

On January 7, 2015, Shirley Paley, Assistant General Counsel and Director, IP at Demandware, responded to Mr. Dollard's December 16 letter.  Ms. Paley explained that there was no factual support for the allegations and conclusions in Mr. Dollard's letter and confirmed that "Demandware does not practice any of the claims of the patents you cited."  *See* Strapp Decl., Ex. B.

On January 22, 2015, Edward Turnbull, Plaintiffs' employee, responded to Ms. Paley's January 7 letter with an email attaching a draft complaint against Demandware, a draft patent license agreement between Plaintiffs and Demandware and a claim chart that purported to compare Demandware's products and services with the patents-in-suit.  *See* Strapp Decl., Ex. C-F.  Yet even though Plaintiffs allege in their complaint that Demandware infringes United States Patent Nos. 6,952,645 (the "'645 patent"),  6,317,060 ("the "'060 patent"),  7,400,970 (the "'970 patent")  and  6,904,359 (the "'359 patent"), the claim chart Mr. Turnbull sent to Ms. Paley on January 22 makes no mention whatsoever of the '645 patent.  *Compare* Dkt. No. 1 *with* Ex. F.

Mr. Turnbull's claim chart indicates that Plaintiffs and Leslie Robert Evans conducted *no* pre-filing investigation at all with respect to the '645 patent.  *Id.*  For this reason alone, Plaintiffs and Leslie Robert Evans should be sanctioned by the Court.  *See, e.g., Eon-Net LP*, 653 F.3d at 1329; *View Eng'g,* 208 F.3d at 986; *S. Bravo,* 96 F.3d at 1375.

The claim chart attached to Mr. Turnbull's January 22 email is deficient not only because it makes no mention of the '645 patent, but also because it does not even suggest that each claim limitation of the three other patents-in-suit read on the accused Demandware products and services.  Thus, for example, the chart pretends to compare claims 19 and 20 of the '060 patent with Demandware's "Order Processing and Shipping Notification System."  *See* Strapp Decl., Ex. F at 2-10.  Yet, even though claims 19 and 20 concern "a method for notifying users of impending arrivals of vehicles at particular locations," including the step of "storing data associated with a plurality of vehicles," nowhere in Mr. Turnbull's chart is there any identification of any Demandware product or service that even allegedly stores "data associated with a plurality of vehicles."  *Id.*

Mr. Turnbull's January 22, 2015 claim chart is also inadequate because Mr. Turnbull cites to third-party websites, such as www.200-markets.com, as alleged proof about the features and functionality of Demandware's "Order Processing and Shipping Notification Systems."  *Id.* at 3, 7.  The third-party websites Mr. Turnbull relies upon do not accurately describe the features or functionality of Demandware's products and services and Mr. Turnbull offers no explanation for relying on purported third-party descriptions of Demandware's products and services.  Had Plaintiffs or Leslie Robert Evans actually investigated the products and services of Demandware, they certainly would have concluded that Demandware does not infringe any of Plaintiffs' patents.

On January 28, 2015, Mr. Dollard and Mr. Turnbull spoke with Ms. Paley and Ibrahim Hallaj, counsel for Demandware, over the phone to discuss Plaintiffs' infringement allegations. *See* Declaration of Shirley Paley in Support of Demandware's Motion for Sanctions ("Paley Decl.") at ¶ 2.  Ms. Paley informed Mr. Dollard and Mr. Turnbull that Demandware does not infringe any of Plaintiffs' patents.  *Id.* at ¶ 3.  Mr. Hallaj then offered to explain to Mr. Dollard and Mr. Turnbull the many reasons that Demandware does not infringement.  *Id*.  Mr. Dollard stated to Ms. Paley and Mr. Hallaj that any such explanation would be a waste of time. *Id.* at ¶ 4.  He explained that Plaintiffs had already made a decision to file suit against Demandware unless Demandware agreed to pay Plaintiffs a sum of money for a license to Plaintiffs' patents.  *Id.*  Ms. Paley stated that Demandware would not pay Plaintiffs money for a license to patents that Demandware does not infringe.  *Id.* at ¶ 5.   Later that same day, Plaintiffs filed the Complaint in this case.  *See* Dkt. No. 1.

On March 3, 2015, Michael Strapp, counsel for Demandware, sent Mr. Dollard a letter explaining that Plaintiffs' infringement case was frivolous and that the case could not have been based on any reasonable pre-filing investigation.  *See* Strapp Decl., Ex. G.  Mr. Strapp noted in his letter that Demandware does not track vehicles or packages, as each of the patents-in-suit require.  *Id.*  Mr. Strapp also noted that none of the accused Demandware products and services provide Demandware customers with the ability to "monitor travel data associated with a particular vehicle," "store data associated with a particular vehicle," or receive specified events "relating to the status of the vehicle," as required by the asserted claims of the patents-in-suit.  *Id.* at 2-3.  Additionally, Mr. Strapp informed Mr. Dollard that the patents-in-suit are invalid because they do not constitute patentable subject matter and because they are anticipated and obvious pursuant to 35 U.S.C. §§ 101-103.  *Id.* at 3.  Mr. Strapp identified 10 prior art references that

8

render the patents-in-suit anticipated and/or obvious. *Id.* at 4.  In conclusion, Mr. Strapp requested that Plaintiffs dismiss this case with prejudice and explained that absent a dismissal, Demandware would seek sanctions pursuant to Fed. R. Civ. P. 11. *Id.*

The same day that Mr. Dollard received Mr. Strapp's March 3, 2015 Rule 11 letter, he sent Mr. Strapp an email noting that he was "in receipt" of the letter.  Mr. Dollard wrote, "I will discuss this matter with my clients and will be back in touch with a response within an appropriate time." *See* Strapp Decl., Ex. H.  One month has now passed and Mr. Dollard has yet to respond to the March 3, 2015 Rule 11 letter.  What is more, Plaintiffs and Leslie Robert Evans have not dismissed their complaint.  Instead, on March 11, 2015, Mr. Dollard wrote an email to Mr. Strapp to inform him that Plaintiffs intend to respond to Demandware's Answer and Counterclaim. *See* Strapp Decl., Ex. I.

## CONCLUSION

Plaintiffs and Leslie Robert Evans did not conduct any substantive pre-filing investigation at all prior to filing a meritless, objectively baseless lawsuit.  Demandware has explained to Plaintiffs and Leslie Robert Evans in writing the specific reasons why the lawsuit is meritless and has requested that they dismiss the suit.  Plaintiffs and Leslie Robert Evans refuse to dismiss their meritless lawsuit and, indeed, have not even responded to Demandware's correspondence regarding Rule 11 sanctions.  For the foregoing reasons, Demandware respectfully requests that the Court:  (1) find that Plaintiffs and Leslie Robert Evans filed the Complaint in violation of Fed. R. Civ. P. 11, (2) order Plaintiffs and Leslie Robert Evans to pay to Demandware all of Demandware's attorneys' fees and expenses in this litigation, and (3) dismiss this case with prejudice.

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1(A)(3), the undersigned certifies that counsel for Demandware conferred with counsel for Plaintiffs in an attempt to resolve by agreement the relief requested in this motion, but the parties were unable to do so.

          Respectfully submitted,

          */s/ Donald J. Freeman*
          Donald J. Freeman
          Florida Bar No.:  180413
          FREEMAN & JONES
          2475 Mercer Avenue
          Suite 301
          West Palm Beach, FL 33401
          Tel:  561.471.4900
          Fax:  561.471.4939
          E-mail:  djfreemanpa@bellsouth.net
          *Attorney for Defendant and Counterclaim-Plaintiff Demandware, Inc.*

          Michael G. Strapp
          Admitted in Massachusetts
          (*pro hac vice* application to be filed)
          GOODWIN PROCTER LLP
          53 State Street
          Boston, Massachusetts 02109
          Tel:  617.570.1658
          E-mail:  mstrapp@goodwinprocter.com

          Dated:  April 3, 2015

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to Fed. R. Civ. P. 5 and 11(c)(2), I served on April 3, 2015 a copy of Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 by e-mail and U.S. Mail on **Jason P. Dollard, Esq.**, at jdollard@lrevanspa.com, LESLIE ROBERT EVANS & ASSOCIATES, PA, 214 Brazilian Avenue, Suite 200, Palm Beach, Florida 33480.

*/s/ Donald J. Freeman*
Donald J. Freeman
Florida Bar No.: 180413
FREEMAN & JONES
2475 Mercer Avenue
Suite 301
West Palm Beach, FL 33401
Tel: 561.471.4900
Fax: 561.471.4939
E-mail: djfreemanpa@bellsouth.net
*Attorney for Defendant and Counterclaim-Plaintiff Demandware, Inc.*

Michael G. Strapp
Admitted in Massachusetts
(*pro hac vice* application to be filed)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel: 617.570.1658
Fax: 617.523.1231
E-mail: mstrapp@goodwinprocter.com